UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER PALOMAREZ,<br><br>      Petitioner,<br><br>vs.<br><br>DARIN YOUNG, Warden, South Dakota State Penitentiary and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>      Respondents. | CIV. 19-5081-JLV<br><br>ORDER |

  Petitioner Alexander Palomarez, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a petition for discretionary review pursuant to 28 U.S.C. § 2241(c)(3).[1] (Docket 1). Mr. Palomarez also filed a supplement and a declaration. (Dockets 5-6). Mr. Palomarez has not paid the $5 filing fee and requests to proceed *in forma pauperis*. (Dockets 3-4). Mr. Palomarez's prisoner trust account report shows a current balance of $148.40, average monthly deposits for the past six months of $133.34, and an average monthly balance for the past six months of $69.35. Mr. Palomarez's declaration indicates he has no other assets or financial resources. (Docket 3). Accordingly, the court finds Mr. Palomarez is able to pay the $5 filing fee but is otherwise indigent.

---

  [1]This case is being treated as a petition filed under 28 U.S.C. § 2254.

"Section 2241 bestows upon district courts the power to grant habeas corpus relief to a 'prisoner' who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" In re Wright, 826 F.3d 774, 778 (4th Cir. 2016) (quoting 28 U.S.C. § 2241(a), (c)(3)). "Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)) (emphasis in original).

In a United States District Court, state prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled . . . ." Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001); see Abordo v. O'Dell, 23 Fed. Appx. 615, at *1 (8th Cir. Dec. 4, 2001) ("Although Mr. Abordo labeled his suit as one brought under section 2241, the only vehicle for his attack on his confinement is 28 U.S.C. § 2254, because he is in custody pursuant to a state court judgment."). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner—i.e., if he is 'in custody pursuant to the judgment of a State court"—then we must apply its requirements to him." Thomas, 371 F.3d at 787. Because Mr. Palomarez is a state prisoner, the only path for the habeas corpus relief he seeks is § 2254. See Crouch, 251 F.3d at 722-23. The court finds it must apply the procedural

2

requirements for § 2254 petitions to Mr. Palomarez.  See id.; Thomas, 371 F.3d at 787.

This is not Mr. Palomarez's first § 2254 petition.  See Palomarez v. Young, CIV. 15-5007 (D.S.D. 2015); Palomarez v. Young, CIV. 17-5070 (D.S.D. 2017); Palomarez v. Young, CIV. 18-5017 (D.S.D. 2018); Palomarez v. Young, CIV. 18-5038 (D.S.D. 2018); Palomarez v. Young, CIV. 18-5046 (D.S.D. 2018). Mr. Palomarez continues to fail to acknowledge, recognize and comply with "the jurisdictional restriction imposed on a second or successive petition by § 2244(b)(3)(A) . . . ."  Palomarez, CIV. 18-5046, Docket 14 at p. 2.  "The court previously advised Mr. Palomarez of this jurisdictional restriction."  Id. (referencing Palomarez, CIV. 17-5070 and Palomarez, CIV. 18-5017).  In the most recent § 2254 case, the United States Court of Appeals for the Eighth Circuit denied Mr. Palomarez's "petition for authorization to file a successive habeas application in the district court[.]"  Id., Docket 19.

Before Mr. Palomarez is authorized to file a second or successive § 2254 petition, he must move in the United States Court of Appeals for the Eighth Circuit "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A copy of the Eighth Circuit order must be attached to and accompany any second or successive § 2254 petition filed by Mr. Palomarez in the district court.  If Mr. Palomarez does not attach a copy of the Eighth Circuit order authorizing the district court to consider his application,

the Clerk of Court shall open a new case, immediately close the case and return all documentation to Mr. Palomarez together with a copy of this order.

**ORDER**

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Palomarez's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that Mr. Palomarez is required to pay the $5 filing fee for § 2254 actions within fourteen (14) days of receipt of this order.

IT IS FURTHER ORDERED that Mr. Palomarez's petition (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. Although the court declines to issue a certificate of appealability, Mr. Palomarez may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

IT IS FURTHER ORDERED that if Mr. Palomarez does not attach a copy of the Eighth Circuit order 28 U.S.C. § 2244(b)(3)(A) authorizing the district court to consider any second or successive § 2254 application the Clerk of

Court shall open a new case, immediately close the case and return all documentation to Mr. Palomarez together with a copy of this order.

Dated February 12, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE